UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT SHEALY and JOE ANN BRANDT, individually and on behalf of all others similarly situated, | ) | **Civil Action No. 2:10-cv-714-DCN** |
| Plaintiffs, | ) | **ORDER OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT, AND CERTIFYING CLASS** |
| v. | ) | |
| DIXON HUGHES, PLLC, JAN WARING-WOODS, CHRISTA M. DUNN, and BENJAMIN NEWTON | ) | |
| Defendants. | ) | |

Class Counsel has filed a motion for an order granting preliminary certification of the Settlement Class and preliminary approval of the Settlement Agreement that is attached as Exhibit A. Upon consideration of the motion, and being satisfied that the proposed Settlement Class fulfills all requirements for certification, that the Settlement Agreement meets the applicable criteria for preliminary approval, and that the proposed forms of notice and the plan for dissemination of notice satisfy all applicable requirements, the Court hereby grants the motion for the reasons stated below.

**1. Settlement Class**

The Court finds the Settlement Class meets the requirements of Rule 23(a) and 23(b)(3). Furthermore, based on the Court's determination that Federal Rule of Civil Procedure 23(a) is

satisfied when interpreted in conjunction with the objective of facilitating settlements, the Settlement Class is hereby conditionally[1] certified and includes:

> All those persons and entities who invested in any of the investment pools managed by Parish as of February 22, 2007. Excluded from the Class are the Defendants; subsidiaries and affiliates of the Defendants; the officers, directors and employees of Defendants and members of their immediate family, their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing has a controlling interest; Parish and members of his immediate family; Parish Economics; employees of Parish Economics and members of their immediate family, their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing has a controlling interest; Battery Wealth Management Inc. and their officers, directors and managing employees; Robert Pearlman and members of his law firm and immediate family members; and any other attorney, accountant, computer programmer or other professional that provided professional services to Parish and/or Parish Economics, and any person or entity who prior to the date of this agreement has initiated or settled any lawsuit or claim against Dixon Hughes, PLLC, Jan-Waring Woods, Christa M. Dunn and/or Benjamin Newton relating to any investment with Parish Economics.

**2. Preliminary Approval of Settlement**

The Settlement Agreement requires the Defendants to deposit $500,000 for the settlement of the claims of the Settling Class, inclusive of attorneys' fees, litigation costs, and administrative costs. The parties have also agreed that the Named Plaintiffs for the Settlement Class, Shealy and Brandt, will seek an incentive award from the Court in the amount of $3,500.00 each for their role in prosecuting this action.

The Settlement Agreement was reached as a result of arm's length negotiations by counsel experienced in complex litigation and the proposed Settlement appears, upon

[1] The Court certifies the proposed Settlement Class on the understanding that, in the event that the Settlement Agreement shall be terminated for any reason, the Defendants shall retain the same rights to oppose certification of a class that they had prior to the execution of such Settlement Agreement.

preliminary review, to be within the range of reasonableness warranting providing notice to the Settlement Class members and proceeding with a Fairness Hearing. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Settling Parties. Accordingly, the Court grants preliminary approval of the Settlement Agreement.

The Settlement Agreement will be submitted to the Settlement Class members for their consideration and for a Fairness Hearing as provided below:

A. Notice to Settlement Class.

The Court has considered the notice plan set forth in the Settlement Agreement and the proposed form of Notice (which shall be mailed to all individual members of the Settlement Class) submitted in support of the Motion for an Order Granting Preliminary Approval of the Settlement Agreement. The Court finds that the form and manner of notice proposed by the Settling Parties and approved herein meets the requirements of due process and Rule 23(e), provides the best notice practicable under the circumstances, constitutes sufficient notice to all persons entitled to notice, and satisfies the constitutional requirements of notice. On or before September 2, notice will be provided to Settlement Class members substantially in the forms of the Notice of Class Action and Proposed Settlement in Exhibit A to the Settlement Agreement. Class Counsel shall, at least 10 (ten) days prior to any Fairness Hearing, provide to the court and to counsel for the defendants the names of all persons known to be members of the class, and certification of mailing or other transmission of notice to them, and the names of any and all persons who have requested exclusion from the class.

B. Claim Form and Allocation.

The Court approves the Claim Form and Release, attached as Exhibit B to the Settlement Agreement. This Form shall be provided to the Settlement Class members in the mailing containing the Notice, and shall also be available upon request to the Claims Administrator or Class Counsel. The Court also preliminarily approves the allocations of Settlement Benefits set forth in the Notice.

C. Claims Administrator.

The Court hereby appoints the Court Appointed Receiver S. Gregory Hays as the Claims Administrator for the purpose of providing Notice and Claim Forms to the Settlement Class Members and for the purpose of processing claims. However, in the event that a Settlement Class Member objects to the amount of his or her claim as determined by the Claims Administrator based upon the records provided by the Receiver, then the Court will appoint an independent third party arbitrator to determine any dispute regarding the claim amount.

D. Objections, Requests For Exclusion and Claims.

The Notice to individual Settlement Class members shall be substantially in the form of Exhibit A, and include the following information concerning deadlines:

> 1. *Fairness Hearing.* A Fairness Hearing will be held on October 24, 2011 at 11:00 AM to determine whether the proposed Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court may change the date of the Fairness Hearing without further notice to the Settlement Class.
>
> 2. *Comments and Objections.* At the Fairness Hearing, any person, upon a showing that he or she is a valid Settlement Class member, may appear in person, or through counsel, and may be heard in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed Settlements. Such written objections must be filed with the Court no later than October 10, 2011. Copies of such written objections must be sent to counsel, by mail postmarked no later than October 10, 2011 at the following addresses:

| **Class Counsel:** | **Defense Counsel:** |
|---|---|
| James M Griffin | Frederick Sharpless |

| | |
|---|---|
| GRIFFIN LLC<br>P.O. Box 999<br>Columbia, SC 29202 | SHARPLESS & STAVOLA P.A.<br>200 S Elm St # 400<br>Greensboro, NC 27401-2664<br>Telephone (336) 333-6400<br><br>Rosen Rosen&Hagood, LLC<br>34 Meeting St # 200<br>Charleston, SC 29401-2271<br>Telephone (843) 577-6726 |

Any Settlement Class member who does not file and serve written comments or objections to the Court by October 10, 2011 shall be deemed to have waived any and all objections and shall be foreclosed from objecting (by appearance or otherwise) to the proposed Settlement.

Any Settlement Class member may request exclusion by submitting a writing identifying your name and address, and specifically stating "I request Exclusion from the Settlement Class in *Robert Shealy and Joe Ann Brandt on behalf of themselves and all others similarly situated vs. Dixon Hughes, PLLC, Jan Waring-Woods, Christa M. Dunn and Benjamin Newton, Case No. 2:10-CV-0714-DCN"* and by signing the writing. The written request for exclusion must be received by the Claims Administrator S. Gregory Hays, 3343 Peachtree Road, Suite 200, Atlanta, Georgia 30326-1420 on or before October 10, 2011.

All members who do not timely file and serve a request to exclude themselves from the Settlement Class shall be deemed to have waived his or her right to exclude himself or herself from the proposed Settlement and, if it is approved, will be bound by its terms. Any Settlement Class member who excludes himself or herself from the proposed Settlements will no longer be a Settlement Class member, and will no longer be represented by Class Counsel. Any Settlement Class member who is satisfied with the proposed Settlements need not appear at the hearing or submit any comments. Any Settlement Class member may enter an appearance or file objections individually, or through counsel of their choice.

3. *Responses to Objections.* Responses to any objections must be postmarked no later than October 17, 2011.

4. *Claims.* The postmark deadline for filing a Claim under the Settlement Agreement is October 23, 2011.

5. The Court finds that Exhibit A meets these requirements and the requirements of Rules 26(c)(2)(b) and 26(e).

E. Attorneys' Fees and Expenses.

Class Counsel will file and serve their motions for Attorney Fees and Expenses and incentive awards for the Class Plaintiffs in accordance with Rule 23(h), Federal Rules Civ. P. no later than twenty-one (21) days prior to the Final Settlement Hearing on or before October 3, 2011. Any Attorney Fees and Expenses shall be determined by the Court upon application by Class Counsel. Any Attorney Fees and Expenses awarded shall be distributed from the Gross Settlement Fund without increasing the Defendants' obligations in any way. Any objections to the request for Attorney Fees and Expenses shall be filed no later than fourteen (14) days prior to Final Settlement Hearing (on or before October 10 2011, and any responses to objections shall be filed no later than seven (7) days prior to the Final Settlement Hearing (on or beforeOctober 17, 2011).

SO ORDERED, this 26th day of August 2011.

David C. Norton, Chief Judge
U.S.D.C., District of South Carolina